```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MELISSA BARBER AND CRAIG BARBER,
Individually and as parents and
Natural guardians of Infant H.B.

                                    Plaintiffs,
     v.                                             13-CV-6207T

THE STATE OF NEW YORK, NEW YORK STATE               DECISION
DEPARTMENT OF EDUCATION, JOHN B. KING               and ORDER
NEW YORK STATE COMMISSIONER OF EDUCATION,
RUSH HENRIETTA SCHOOL DISTRICT, RUSH
HENRIETTA BOARD OF EDUCATION, J. KENNETH
GRAHAM, JR., SUPERINTENDENT OF SCHOOLS,
GREG LANE, PRINCIPAL BURGER ELEMENTARY
SCHOOL

                                    Defendants.
_____
```

INTRODUCTION

Plaintiffs Melissa and Craig Barber ("the Barbers"), acting on behalf of themselves and their infant child H.B.[1], bring this action claiming that the defendants have violated their rights under the First and Fourteenth Amendments of the United States Constitution to prevent their child from being required to take standardized tests being administered to all children in the defendant Rush Henrietta School District. Plaintiffs allege that they have a constitutional right to exempt their child from taking standardized tests, and that their rights are being violated because their child has been disciplined for refusing to take the

---

[1] Although the Complaint purports to protect the identity of the minor "H.B.", the minor's name is found underacted on several pages of the Complaint. The Clerk of the Court is directed to redact those portions of the Complaint disclosing the minor's name.

tests. Plaintiffs' now seek a Temporary Restraining Order enjoining the defendants from: (1) "disciplining or otherwise punishing students solely on the basis of their refusal to take certain assessment examinations;" and (2) "referring parents to Child Protective Services for having directed their children not to take certain assessment examinations." Defendant's have not answered the Complaint nor the Motion for the Temporary Restraining Order. However, for the reasons set forth below, I deny plaintiffs' motion for a Temporary Restraining Order.

BACKGROUND

By Verified Complaint filed April 22, 2013, plaintiffs Melissa and Craig Barber, as parents and guardians of their child "H.B.", claim that the defendant Rush Henrietta School District ("the School District" or "District") has attempted to force their child to take standardized tests being administered to all children in H.B.'s grade, and has disciplined H.B. for refusing to take the standardized tests. The plaintiffs claim that they object to their child taking the standardized tests because, in their judgment, the tests are "unfair, unnecessary, unduly stressful, and . . . harmful to their child." Complaint at ¶ 22. According to the plaintiffs, after they informed the School District in writing that their child would not be taking the standardized tests, the District notified the plaintiffs that if H.B. attended school on the day the tests were administered, and refused to take the tests given, H.B.'s

refusal would be considered insubordination, and H.B. could be subject to disciplinary action.

According to the Complaint, H.B. as directed by his parents, refused to take the standardized tests, and was "charged" with insubordination. Plaintiffs allege that H.B. was found "guilty" of insubordination, and that the finding will remain on H.B.'s permanent academic record. Plaintiffs further claim that H.B. was prevented from participating in extra-curricular activities on the days H.B. refused to take the standardized tests. Plaintiffs claim that other students in the School District have been disciplined in different ways (including being denied recess), and that the School District has threatened parents that they would be referred to child protective services if their children did not take the standardized tests. According to the plaintiffs, some school districts (unlike the defendant School District) do not discipline students at all in cases where students refuse to take standardized tests. Plaintiffs complain that the New York State Department of Education has failed to promulgate regulations for dealing with students who refuse to take standardized tests, and therefore, students in different districts are subject to different standards. According to the plaintiffs, the disciplinary action taken by the defendants has denied them their right to free speech, and their right to a free public education under the laws of the State of New York.

DISCUSSION

I.  Standard for Issuance of a Temporary Restraining Order

To be entitled to a Temporary Restraining Order, a party must demonstrate: 1) a substantial likelihood of success on the merits of the case; 2) that irreparable harm will occur if the Order is not issued; 3) that no other parties will be harmed if temporary relief is granted; and 4) that the public interest favors entry of the Order. The Nation Magazine v. Department of State, 805 F.Supp. 68 (D.D.C. 1992). Of these factors, a showing of irreparable harm "is the single most important prerequisite for the issuance" of preliminary relief. Reuters, Ltd. v. United Press Int'l, Inc., 903 F.2d 904, 907 (2d Cir., 1990)(discussing issuance of preliminary injunction).

In the instant case, based on the allegations set forth in their Verified Complaint, plaintiffs have failed to establish that they are subject to irreparable harm if a Temporary Restraining Order is not issued. The plaintiffs have alleged that as a result of H.B.'s failure to take the standardized tests, H.B.: (1) was found guilty of insubordination and such finding was placed in H.B.'s academic record, and (2) H.B. was prohibited from playing extra-curricular sports on the days H.B. refused to take the standardized tests. Plaintiff has not cited any authority suggesting that a school's finding that a student committed insubordination and its subsequent notation of such a finding in the student's academic record constitutes an irreparable harm. For a harm to be considered irreparable, a plaintiff must, inter alia,

establish that the harm "cannot be remedied after a final adjudication, whether by damages or a permanent injunction." Salinger v. Colting, 607 F.3d 68, 81 (2d Cir., 2010). In the instant case, plaintiffs' allegation that a finding of insubordination could be placed in H.B.'s academic record if H.B., in the future, refuses to take a standardized test, fails to allege that such a harm is irreparable. There is no allegation that the insubordination finding cannot at some later time be removed from H.B.'s record should it be determined that H.B. has a right to disobey the direction of a teacher and principal that H.B. take the standardized test, or that H.B. has a right to not take standardized tests.

With respect to plaintiffs' claims that H.B. was not allowed to participate in extra-curricular activities on the days H.B. refused to take the standardized tests, it is well-established that there is no constitutional right to participate in extracurricular sporting activities. Mazevski v. Horseheads Central School District, 950 F.Supp. 69, 72 (W.D.N.Y. 1997)(Larimer, C.J.); Angstadt v. Midd-West School Dist., 377 F.3d 338, 344 n. 2 (3rd Cir., 2004); Accordingly, plaintiffs' claims that H.B. was not allowed to participate in extra-curricular activities, or that H.B. will not be allowed to participate in the future should H.B. decline to take standardized tests, fails to allege the likelihood that plaintiffs' will be subjected to irreparable harm in the absence of the issuance of a Temporary Restraining Order.

Nor have plaintiffs established a likelihood of success on the merits of the allegations in their Complaint. Plaintiffs' Complaint seeks, in addition to monetary damages, the remedies of: enjoining the defendants from disciplining students who refuse to take standardized tests; enjoining the defendants from prohibiting students who refuse to take standardized tests from participating in extracurricular activities; prohibiting defendants from referring parents to Child Protective Services merely because the parents refused to allow their children to take standardized tests; and ordering the New York State Department of Education to promulgate regulations to ensure that children in different school districts who refuse to take standardized tests are treated in a similar manner and are free from retaliation for refusing to take standardized tests.

As stated above, there is no constitutional right for a student to participate in extracurricular activities, and thus plaintiffs are unlikely to succeed on the merits of that claim. Additionally, plaintiffs' have failed to allege any jurisdictional basis that grants authority to this Court to Order the New York State Department of Education to promulgate regulations on any matter. This Court is unable to conceive of any scenario, under the facts alleged, that would allow a federal court to direct a Department of the State of New York to adopt rules or regulations regarding which students may refuse to take standardized tests, and what repercussions, if any, will follow from refusing to take a

standardized test.  Similarly, under the facts alleged here, the plaintiffs have failed to allege any jurisdictional basis that would allow a federal court to enjoin a school district from, in its discretion, disciplining students for insubordination for refusing to comply with a lawful direction of a teacher or administrator, or referring a parent to Child Protective Services for directing a child to engage in insubordination.

Plaintiffs claim that they are entitled to the relief they seek pursuant to the First and Fourteenth Amendments to the United States Constitution.  Specifically, plaintiffs allege, in vague terms, that their rights to free speech and equal protection are being violated by the defendants.  Plaintiffs do not explain, however, how their rights to free speech are being violated. Plaintiffs have not cited any case suggesting that a student has a right to abstain from taking a test on First Amendment grounds.[2] Nor have plaintiffs demonstrated any way in which they have been denied equal protection under the law.  To state a claim for the

---

[2] The only case cited by the plaintiffs in their memorandum of law in support of their motion for a Temporary Restraining Order is the 1944 United States Supreme Court case of Prince v. Massachusetts, 321 U.S. 158, 166, where the Court stated that "the custody, care and nurture of the child reside first in the parents, whose primary function and freedom include preparation for obligations the state can neither supply nor hinder." Plaintiffs, however, fail to cite the portion of Prince which holds that while parents are the primary fount of care, custody, and nurture of a child, "the state as parens patriae may restrict the parent's control by requiring school attendance, regulating or prohibiting the child's labor, and in many other ways." Id. (emphasis added).  Accordingly, Prince in no way suggests that a parent has a Constitutional right to prohibit a child from taking a standardized test.

denial of equal protection, a plaintiff must allege that a governmental agency has treated similarly situated persons differently under the law. <u>Reynolds v. Sims</u>, 377 U.S. 533 (1964). Plaintiffs have failed to allege, however, that they have been treated differently by the School District than any other similarly situated parents, or that the basis for any different treatment was "based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." <u>Cine SK8, Inc. v. Town of Henrietta</u>, 507 F.3d 778, 790 (2d Cir.2007). To the extent that plaintiffs claim they have been treated differently than similarly situated parents in <u>other</u> school districts, plaintiffs have failed to advance any cognizable theory suggesting that parents in one school district are entitled, under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, to be treated similarly to parents in other school districts with respect to disciplinary procedures. Accordingly, I find that plaintiffs have failed to establish that they are likely to succeed on the merits of their claims.

<u>CONCLUSION</u>

For the reasons set forth above, I deny plaintiffs' request for a Temporary Restraining Order.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

DATED:   Rochester, New York
         April 25, 2013